UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAPPY JOINER and SALLY JOINER,

    Plaintiffs,

v.                            Case No: 2:16-cv-467-FtM-99CM

GASPARILLA ISLAND BRIDGE AUTHORITY, an authority created by the Florida Legislature,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of plaintiffs' Second Amended Complaint (Doc. #2) filed on June 15, 2016, and defendant's Response to Show Cause Order (Doc. #31). For the reasons set forth below, this cause is remanded for lack of subject-matter jurisdiction.

**I.**

On June 15, 2016, this case was removed by defendant Gasparilla Island Bridge Authority (defendant or GIBA) based upon federal-question jurisdiction from the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County.[1] (Doc.

---

[1] Plaintiffs initially filed suit in county court on December 10, 2014. (Doc. #1-1, p.p. 128-32.) Because the circuit courts of the State of Florida are the courts of exclusive jurisdiction to determine the legality of a bridge toll, Fla. Stat. § 26.012(2)(e), the cause was transferred to the Circuit Court of Charlotte County where plaintiffs amended their Complaint on

#1.) Plaintiffs' Second Amended Complaint (Doc. #2) seeks both injunctive and compensatory relief for an uncompensated taking pursuant to 42 U.S.C. § 1983. On December 6, 2016, the Court entered an Order to Show Cause regarding subject-matter jurisdiction, citing Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1972), which held that a federal constitutional takings claim under the Fifth Amendment is not ripe until the plaintiff has unsuccessfully pursued a compensation claim in state court proceedings. (Doc. #30.) In response, GIBA states that plaintiffs do not allege that GIBA has taken their property in violation of the Fifth Amendment. (Doc. #31.) Rather, defendant argues that the crux of plaintiffs' Second Amended Complaint is that GIBA violated their substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution, which does not require that plaintiffs first avail themselves of the remedies available in state court.

**II.**

Federal courts are courts of limited jurisdiction and "a court should inquire into whether it has subject matter jurisdiction at

---

February 4, 2015. (Id. at pp. 165-67.) On May 31, 2016, plaintiffs filed their Second Amended Complaint, which alleged state, as well as federal constitutional claims under 42 U.S.C. § 1983 for purported violations of the plaintiffs' due process rights, prompting GIBA to remove the case to federal court. (Docs. ##1, 2.)

the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409, 410 (11th Cir. 1999) (citations omitted). "A removing defendant bears the burden of proving proper federal jurisdiction. . . . Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action, unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000). As the party seeking federal jurisdiction, the burden is upon defendant to establish jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In this case, defendant invoked federal question jurisdiction under 28 U.S.C. § 1331. (Doc. #1.) A cause of action "arises under" federal law pursuant to § 1331 only when plaintiff's well-pleaded complaint raises issues of federal law.

> We have long held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

Rivet v. Regions Bank of La., 522 U.S. 470, 474-75 (1998).  See also Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc., 182 F.3d 851, 854 (11th Cir. 1999); Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712-13 (11th Cir. 1997).  "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted).  The Court's responsibility is to "examine [plaintiff's] cause of action for what it actually is, not for what [plaintiff] would have it be." McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc).

In reviewing plaintiffs' Second Amended Complaint, plaintiffs allege in pertinent part as follows: Defendant GIBA is a special purpose taxing district of the State of Florida, created by Chapter 96-507, Laws of Florida.  (Doc. #2, ¶ 1.)  The purpose of GIBA is to manage and operate the Gasparilla Island Bridge Causeway, which is the only ingress and egress to and from Gasparilla Island in Charlotte County, Florida.  The power granted to GIBA is contained in its enabling legislation, which gave it the power to set bridge

toll rates and collect bridge tolls. (Id.) The enabling legislation also gave GIBA the power to "fix, modify, charge and collect toll rates and user fees from persons for the use of the bridge and causeway system at such levels as the authority deems appropriate. . . ." (Id.) Plaintiffs are residents of the taxing district under the authority of GIBA, and utilize the Gasparilla Island Bridge Causeway.

GIBA offers a toll structure for drivers using the Gasparilla Island Bridge Causeway, which includes a per trip toll or the option of a pre-paid, discounted pass for either a set number of trips or an annual pass of unlimited trips. (Doc. #2, ¶ 2.) Each of the prepaid passes expire 12 months from the purchase date unless the pass holder replenishes the pass prior to the expiration of the 12-month period. (Id. at ¶ 3.) Pursuant to the terms of the prepaid toll structure, any funds left after one year from the date of the last purchase would be "forfeited to GIBA." (Id. at ¶¶ 6-7.) Both of plaintiffs' prepaid toll cards expired with funds left over that were forfeited to GIBA. (Id. at ¶¶ 8-11.) Reactivation requires the individual to purchase another prepaid toll pass. (Id. at ¶ 12.) The toll structure terms are communicated to purchasers on GIBA's toll pass application form, on its website, on the back of the prepaid toll pass cards, and have at times been published in the local newspaper and various local publications. (Id. at ¶¶ 5-6.) GIBA believes that it

acquires ownership of the money from anyone who purchases the prepared toll card as of the date the purchaser pays regardless of whether the purchaser ever uses the cards.  (Id. at ¶ 15.)  The enabling legislation does not specifically limit GIBA's right to unused funds.  GIBA has sold "thousands" of the prepaid toll passes since the toll structure's inception in 2012.  (Id. at ¶ 19.)

Plaintiffs allege that GIBA has exceeded the authority of its enabling legislation as defined in Chapter 96-507, and seeks a declaratory judgment determining the legality of GIBA's prepaid toll structure.  (Doc. #2, ¶ 20.)  Specifically, plaintiffs request that the Court determine whether GIBA has violated the due process rights of plaintiffs and all other purchasers of the prepaid toll passes under the Fourteenth Amendment to the United States Constitution and Article 1, Section 9 of the Florida Constitution.  (Id. at ¶ 21.)  In this regard, plaintiffs state that GIBA did not provide purchasers the opportunity to be heard prior to the taking of their property, which they allege was at the time of purchase.  (Id. at 10.)  Plaintiffs additionally allege that GIBA's toll structure and its usage terms has exceeded its powers granted in the enabling legislation and constitutes a taking without due process of law under both the Florida and United States Constitutions.  (Id. at ¶21.)  Plaintiffs seek injunctive relief to enjoin GIBA from selling prepaid toll passes as currently structured and from deactivating any future prepaid toll passes

regardless of whether a year has lapsed. (Id. at p. 11.) Plaintiffs also seek compensatory damages in the amount equal to the unused funds remaining on the prepaid toll passes at the time of the forfeiture. (Id.)

A liberal reading of the Second Amended Complaint frames the alleged taking of the property right as both procedural and substantive due process violations, as well as a just compensation takings claim. See Villas of Lake Jackson, Ltd. v. Leon Cnty., 121 F.3d 610, 612 (11th Cir. 1997) ("As distinguished from a just compensation claim, we stated that a successful due process taking suit, for instance would 'result in an invalidation of the local authority's application of the regulation and, perhaps, actual damages, whereas a just compensation claim is remedied by monetary compensation for the value taken.'") (quoting Eide v. Sarasota Cnty., 908 F.2d 716, 721 (11th Cir. 1990).

### III.

**A. Procedural Due Process**

"Procedural due process requires notice and an opportunity to be heard before any government deprivation of a property interest." Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state

action; and constitutionally inadequate process." <u>Cryder v. Oxendine</u>, 24 F.3d 175, 177 (11th Cir. 1994).

Here, assuming plaintiffs have alleged a constitutionally-protected property interest, their claim still fails for failure to allege constitutionally inadequate process. "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." <u>Cotton v. Jackson</u>, 216 F. 3d 1328, 1330-31 (11th Cir. 2000) (quoting <u>McKinney</u>, 20 F.3d at 1557). In <u>Cotton</u>, the Eleventh Circuit explained that "[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." <u>Id.</u> at 1331. This rule "recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate for a — agencies, review boards, and state courts - before being subjected to a claim alleging a procedural due process violation." <u>Id.</u> Thus, "[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." <u>Id.</u> The court in <u>Cotton</u> therefore concluded that "because adequate state remedies were available to provide Plaintiff with the opportunity for a ... hearing, he has failed to state a procedural due process claim."

- 8 -

Id. at 1330. The Eleventh Circuit has also made clear that after the district court determines that an adequate state remedy does exist, the district court must hold that there has been no viable federal due process claim stated because Florida law provided an adequate remedy. Horton v. Bd. of Co. Comm'rs of Flagler Cnty., 292 F.3d 1297, 1300 (11th Cir. 2000) (noting that if a plaintiff has an opportunity for procedural due process, that is all the Fourteenth Amendment requires). See also Goodman v. City of Cape Coral, 581 F. App'x 736, 739-40 (11th Cir. 2014) (stating that the Eleventh Circuit has "repeatedly articulated the basic rule that a procedural due process violation has not occurred when adequate state remedies are available" and collecting cases that stand for such a proposition).

Here, an adequate state remedy exists. Plaintiffs may avail themselves of the remedies provided by Florida Statute, section 26.012(2)(e), which expressly gives the circuit court jurisdiction "[i]n all cases involving legality of any tax assessment or toll or denial of refund . . .", which would include the power to remedy deficiencies or violations of due process. With regard to adequacy, "[a]lthough the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process. The remedies provided could have fully compensated the

respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process." Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).  Here, the Florida courts possess the power to remedy plaintiffs' losses; therefore, plaintiffs' federal procedural due process is barred as a matter of law and the Court will not consider such a claim when determining whether plaintiff's Second Amended Complaint raises issues of federal law.

### B. Substantive Due Process and Fifth Amendment Takings

The Takings Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation."  U.S. Const. amend. V.  The Fifth Amendment applies to the States through the Fourteenth Amendment.  See Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001).  The Due Process Clause of the Fourteenth Amendment provides: "nor shall any state deprive any person of life, liberty or property without due process of law."  U.S. Const. amend XIV, § 1.  A taking may result from a "physical invasion" of the property or may follow a "regulatory imposition."  Good v. United States, 189 F.3d 1355, 1360 (Fed. Cir. 1999) (citing Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1014–16 (1992)).

In a case discussing the distinction between substantive due process and Fifth Amendment takings claim, the Eleventh Circuit

noted that it has "abandoned the distinction between takings claims and a due process takings theory." Villas of Lake Jackson, 121 F.3d at 614. "In Corn v. City of Lauderdale Lakes, 95 F.3d 1066 (11th Cir. 1996), we noted that the Takings Clause provides the basis for both just compensation and invalidation of a regulation. Id. at 1072-73. In Bickerstaff, we held that the landowner's Takings Clause claim subsumes its substantive due process claim unless it can be said that the Framers of the Bill of Rights, in addition to providing the substantive rights contained in the Takings Clause, meant to replicate by implication those same rights in the Due Process Clause." Id. (citing Bickerstaff Clay Products Co. v. Harris Cnty., Ga., 89 F.3d 1481 (11th Cir. 1996)). The court in Villas of Jackson noted that "[t]here is no separate cause of action under the due process clause of the Constitution" as there is no substantive due process taking that would protect a specific property right that is not already protected by the Takings Clause. Id. at 614-15.

As previously cited by this Court in its Order to Show Cause, a Fifth Amendment just compensation claim is not ripe for judicial review and the district court lacks subject-matter jurisdiction to consider it, until the plaintiff has unsuccessfully pursued a compensation claim in state court proceedings, which plaintiffs have not done here. (Doc. #30) (citing Williamson, 472 U.S. 172, 195 (1972); Agripost, LLC v. Miami-Dade Cnty., Fla., 525 F.3d 1049,

1052 (11th Cir. 2008)). Therefore, the Court lacks subject-matter jurisdiction over any due process takings claims alleged in plaintiffs' Second Amended Complaint.

## IV.

Because the Court has determined that no valid procedural due process claim that would give rise to a section 1983 suit can be stated, and that the Court otherwise does not have subject-matter jurisdiction over the due process takings claims, the Court will remand this action to state court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Clerk is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Charlotte County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that court.

2. The Clerk is directed to terminate all pending motions and previously scheduled deadlines and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record